FILED & JUDGMENT ENTERED
Steven T. Salata

November 26 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_____
George R. Hodges
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| **SCOTT A. J. LATELL** ) | |
| **ADELE LATELL,** ) | Chapter 7 |
| ) | Case No.: 19-10238 |
| Debtors. ) | |
| _____) | |

**ORDER SUSTAINING TRUSTEE'S OBJECTIONS TO CLAIM OF EXEMPTIONS AND VALUATIONS AND DENYING FIRST BANK'S OBJECTION TO DEBTORS' EXEMPTIONS AS MOOT**

**THIS MATTER** is before the court on the Chapter 7 Trustee's August 18, 2019 Objections to Exemptions and Valuations Claimed by Debtors ("Trustee's Objection") and First Bank's August 16, 2019 Objections to Debtors' Exemptions ("First Bank's Objection"). For the reasons stated herein, the court sustains the Trustee's Objection and denies First Bank's Objection as moot.

**Background**

The Debtors commenced this Chapter 7 case by filing a petition on June 17, 2019. In their Schedule C, the male Debtor claimed a $74,639 exemption in equity in an 11-acre lot adjacent 3318 Diamond Creek Road, Lake Toxaway, North Carolina 28747, and the female

Debtor claimed a $26,000 exemption in equity in a 2016 Ford F-250 Super Duty Crew Cab truck titled in her name. Both Debtors claimed their exemptions under N.C. Gen. Stat. § 1C-1601(a)(8). The Chapter 7 Trustee ("Trustee") filed an objection to both of the claimed exemptions, and First Bank filed an objection to the male Debtor's claimed exemption in the real property.

The court held a hearing on the objections on October 22, 2019, and both of the Debtors were present. At the hearing, counsel for the Debtors argued that the claimed exemptions were proper under N.C. Gen. Stat. § 1C-1601(a)(8) because the Debtors purchased the real property and the truck with assets the male Debtor received as a settlement for a personal injury he sustained. The male Debtor testified that he was injured and received the settlement before the Debtors filed their petition.

In response, the Trustee argued that the male Debtor could not claim an exemption in the equity in the real property under § 1C-1601(a)(8) because the statute only protects settlement proceeds and not property purchased with those proceeds. Regarding the female Debtor's claimed exemption for the equity in the truck, the Trustee again argued that the exemption did not apply to property purchased with funds received as a result of a personal injury claim. Additionally, the Trustee argued that the female Debtor could not claim the exemption because only the male Debtor received the funds as a personal injury settlement.

2

Counsel for First Bank argued that the Male Debtor could not claim an exemption for the equity in the real property because the settlement proceeds lost their exempt status when the male Debtor used the proceeds to purchase real property.

**Analysis**

The North Carolina General Assembly chose to opt out of the federal exemptions included in the Bankruptcy Code. N.C. GEN. STAT. § 1C-1601(f). Accordingly, because the Debtors are North Carolina residents, North Carolina's exemption statute governs. In re Crawford, 511 B.R. 395, 399 (Bankr. W.D.N.C. 2014). As the objecting parties, the Trustee and First Bank bear the burden of proving that the Debtors are not entitled to the claimed exemptions. FED. R. BANKR. P. 4003(c). The objecting parties must establish that the claimed exemption is improper by a preponderance of the evidence. In re Man, 428 B.R. 644, 653 (Bankr. M.D.N.C. 2010) (citing In re Sheeran, 369 B.R. 910, 918 (Bankr. E.D.Va. 2007); In re McCashen, 339 B.R. 907, 909 (Bankr. N.D. Ohio 2006)).

At issue here is N.C. GEN. STAT. § 1C-1601(a)(8), which provides:

> Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors: Compensation for personal injury, including compensation from private disability policies or annuities, or compensation for the death of a person upon whom the debtor was dependent for support, but such compensation is not exempt from claims for funeral, legal, medical, dental, hospital, and health care

3

>     charges related to the accident or injury
>     giving rise to the compensation.

N.C. Gen. Stat. § 1C-1601(a)(8).

Turning to the female Debtor's claimed exemption, the court finds her argument unpersuasive and holds that she is not entitled to the exemption. The parties did not cite, nor did the court locate, a North Carolina case addressing whether § 1C-1601(a)(8) permits a non-recipient of personal injury compensation to claim an exemption in personal property purchased with that compensation. Therefore, the court looks to the language of the statute.

The Supreme Court of North Carolina has instructed courts to interpret and apply North Carolina's exemption statutes liberally and in favor of allowing the exemption. See Elmwood v. Elmwood, 295 N.C. 168, 185, 244 S.E.2d 668, 678 (1978). However, a "statute's words should be given their natural and ordinary meaning unless the context requires them to be construed differently." Shelton v. Morehead Mem'l Hosp., 318 N.C. 76, 82, 347 S.E.2d 824, 828 (1986) (citing In re Arthur, 291 N.C. 640, 642, 231 S.E.2d 614, 616 (1977)). "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." Burgess v. Your House of Raleigh, Inc., 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (citing State ex rel. Utilities Comm'ns. v. Edmisten, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977)).

Section 1C-1601(a)(8) provides that the "debtor is entitled to retain free of the enforcement of the claims of creditors: [c]ompensation for <u>personal injury</u> . . . ." N.C. G<small>EN</small>. S<small>TAT</small>. § 1C-1601(a)(8) (emphasis added). It is instructive that the statute does not reference any party that was not compensated for personal injury. To be sure, the statute only contemplates the recipient of the personal injury compensation. The General Assembly's use of the word "retain" demonstrates that the exemption is only applicable to the injured party who received the compensation. An individual cannot retain compensation when she did not receive it.

Here, the female Debtor was not injured and did not receive compensation for a personal injury. The male Debtor was the only individual injured and the only individual to receive compensation for that injury. As such, the female Debtor cannot retain compensation she never received for a personal injury she never suffered. The female Debtor is therefore not entitled to claim the exception for the equity in the truck because she did not receive the compensation for the personal injury.

The court now turns to the Debtors' argument that the male Debtor is entitled to exempt the equity in real property under § 1C-1601(a)(8) because the Debtors purchased the property with proceeds from a personal injury settlement. The court did not find a North Carolina case addressing whether § 1C-1601(a)(8) permits a debtor to claim an exemption in the equity in real property

5

purchased with assets received as compensation for a personal injury. While this is an issue of first impression under North Carolina law, bankruptcy courts from other states have interpreted similar state exemption statutes and reached different conclusions. Compare In re Burchard, 214 B.R. 494, 496 (Bankr. D. Neb. 1997) (holding that property a debtor purchased with proceeds from personal injury compensation was not exempt from creditors), with In re Gardiner, 332 B.R. 891, 894 (Bankr. S.D. Cal. 2005) (deciding that proceeds from a debtor's workers compensation award retained their exempt status after the proceeds were converted to other property).

Again, § 1C-1601(a)(8) provides that the "debtor is entitled to retain free of the enforcement of the claims of creditors: [c]ompensation for personal injury . . . ." N.C. Gen. Stat. § 1C-1601(a)(8). On its face, the statute is unambiguous and limits the exemption to only compensation for personal injury. It does not address property purchased with personal injury compensation. To find that this language permits a debtor to claim an exemption in the equity in property purchased with compensation from a personal injury would be akin to reading an additional exemption into the statute. The court declines to do so and concludes that the § 1C-1601(a)(8) exemption does not extend to the equity in property purchased with compensation from a personal injury.

Furthermore, a review of the entirety of the North Carolina exemption statute supports the conclusion that the exemption does not extend to property purchased with personal injury compensation. At the hearing on the Trustee's Objection and First Bank's Objection, counsel for the Debtors cited N.C. GEN. STAT. § 1C-1601(d) for the proposition that the exemption should extend to property purchased with the funds received for personal injury compensation. That subsection provides:

> The exemptions provided in subdivisions (2), (3), (4), and (5) of subsection (a) of this section are inapplicable with respect to tangible personal property purchased by the debtor less than 90 days preceding the initiation of judgment collection proceedings or the filing of a petition for bankruptcy, unless the purchase of the property is directly traceable to the liquidation or conversion of property that may be exempt and no additional property was transferred into or used to acquire the replacement property.

N.C. GEN. STAT. § 1C-1601(d). The Debtors' argument as to this subsection is also unpersuasive. The subsection expressly states that it only applies to subdivisions (2), (3), (4), and (5), of subsection (a) and not to subdivision (8), the basis for the male Debtor's claimed exemption. This shows that the General Assembly was cognizant of the traceability concept and chose not to exempt property purchased with funds traceable to personal injury compensation. Accordingly, the personal injury compensation exemption listed in § 1C-1601(a)(8) does not extend to property purchased with that compensation, and the male Debtor is not

7

entitled to the exemption in the real property.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Trustee's Objections to Exemptions and Valuations Claimed by Debtors are **SUSTAINED**, First Bank's Objections to Debtors' Exemptions are **MOOT,** and that the male Debtor's claim of exemption in real property adjacent to 3318 Diamond Creek Road, Lake Toxaway, North Carolina 28747 for $74,639 and the female Debtor's claim of exemption in the 2016 Ford F-250 for $26,000 are denied.

**SO ORDERED.**

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court